UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRYAN CLAYTON ROBERTS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-0360** |
| **WARDEN TRAVIS DAY, ET AL.** | **SECTION "L"(4)** |

## ORDER AND REASONS

Plaintiff Bryan Clayton Roberts filed a **Motion for Appointment of Counsel (ECF No. 3)** in which he requests appointment of counsel to assist him in pursuing his case. Roberts filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against defendants Warden Travis Day, Secretary Gary Wescott, and the State of Louisiana Department of Corrections.[1] Roberts alleges that he sustained physical injuries to his neck and left shoulder, that required surgery, from the result of the defendants' reckless negligence and medical indifference to his serious medical need.[2]

In his motion to appoint counsel, Roberts alleged that he cannot afford counsel, his imprisonment will greatly limit his ability to litigate the complex issues in his case, and that a trial in his case will likely involve conflicting testimony and counsel would better enable him to present evidence and cross-examine witnesses.[3] On March 11, 2025, the Court ordered Roberts to certify in writing the steps he has taken to secure counsel before filing his motion.[4] Roberts responded indicating that he attempted to contact six attorneys and provided the withdrawal slips he filled out to send legal mail to each firm.[5]

A federal district court should only appoint counsel for an indigent plaintiff in a civil rights case if the case presents exceptional circumstances. *Norton v. E.U. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). The Court can consider the following factors when ruling on a request for counsel

---

[1] ECF No. 1, ¶III, at 3.
[2] *Id.*, ¶IV, at 3.
[3] ECF No. 3 at 1.
[4] ECF No. 7.
[5] ECF No. 9 at 4-9.

in a § 1983 case: (a) the type and complexity of the case; (b) whether the indigent is capable of presenting his case adequately; (c) whether he is in a position to investigate his case adequately; and (d) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

Roberts's case is not complex and requires no difficult investigation to determine the medical treatment needed or provided to him at the prison. Roberts's claims otherwise are not factually or legally complicated. Roberts has already demonstrated an ability to prepare pleadings, present arguments, and more than adequately understand and convey the facts of his case without assistance of counsel. While Roberts may not be trained in the law, he consistently has demonstrated the ability to express himself and understand the facts and issues involved in his case. Thus, although Roberts is indigent, his case is not an exceptional one under the foregoing factors and presents no circumstances that would require appointment of counsel. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (counsel is only appointed under exceptional circumstances in a civil rights case); *see also Wendell v. Asher*, 162 F.3d 887 (5th Cir. 1998) (same); *Robbins v. Maggio*, 750 F.2d 405, 412 (5th Cir. 1985); *Ulmer*, 691 F.2d at 212-13; *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). The record presents no circumstance that would warrant appointment of counsel at this time. Should the case develop where the judicial process would benefit from Roberts having counsel, the Court can evaluate any change of circumstance at that time. *Ulmer*, 691 F.2d at 213. Accordingly,

**IT IS ORDERED** that Roberts's **Motion for Appointment of Counsel (ECF No. 3) is DENIED**.

New Orleans, Louisiana, this 22nd day of April, 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**